UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELIA GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1347-ZMB |
| | ) | |
| CRACKER BARREL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Angelia Greene's Employment Discrimination Complaint, Application to Proceed in District Court Without Prepaying Fees or Costs, and Motion for Appointment of Counsel. Docs. 1–3. Upon review, the Court finds the application incomplete and denies it without prejudice. The Court also denies without prejudice Greene's request for counsel. Should Greene seek to continue this action, no later than November 13, 2025, she must file: (1) the $405 filing fee or a complete application, and (2) a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission (EEOC).

## I.    Application to Proceed in District Court Without Prepaying Fees or Costs

With the commencement of this action, Greene filed an application to proceed in forma pauperis. *See* Doc. 2. The Court has reviewed the application and finds it incomplete. Greene indicates in Question 3 that she receives income from "[p]ension, annuity, or life insurance payments," "[d]isability or worker's compensation payments," and "other sources." *Id.* at 1. When asked to describe the source of this money, the amount received, and what she expects to receive in the future, she states only: "Retirement $811.00 monthly" and "Unemployment $326.00 weekly." *Id.* She has not described any disability or workers' compensation payments, nor does she describe the source of any money she receives. Further, the Court has no information as to how long Greene

expects to receive her weekly unemployment benefits. Finally, her application is also deficient because she has not checked either "Yes" or "No" when asked if she receives income from "[b]usiness, profession, or other self-employment," "rent payments, interest, or dividends," or "[g]ifts or inheritances." *Id.* For these reasons, the Court denies Greene's application without prejudice.

## II.    Employment Discrimination Complaint

Similarly, Greene's Employment Discrimination Complaint is incomplete. *See* Doc. 1. Greene has not provided the Court with a copy of the charge of discrimination she filed with the EEOC. The Court orders Greene to supplement her complaint by submitting a copy of her charge of discrimination so that the Court may determine whether the claims in the complaint are like or reasonably related to the claims outlined in her charge. *See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004).

## III.    Motion to Appoint Counsel

Greene also has filed a motion to appoint counsel, Doc. 3, which the Court denies without prejudice. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quotation omitted). In making this assessment, courts consider several factors, including the complexity of the case, the ability of the pro se litigant to investigate and present the claims, and the existence of conflicting testimony. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Greene has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

**CONCLUSION**

Accordingly, the Court **DENIES** Greene's [2] Application to Proceed in District Court Without Prepaying Fees or Costs. The Court orders Greene to either pay the full filing fee of $405 or file a complete application to proceed in forma pauperis. Further, the Court orders Greene to supplement her complaint by submitting a copy of her charge of discrimination filed with the EEOC. Finally, the Court **DENIES** without prejudice Greene's [3] motion to appoint counsel. **Greene's failure to comply with this Order in full by November 13, 2025, will result in a dismissal of this action without prejudice and without further notice to her.**

The Clerk of Court is directed to mail Greene another form application to proceed in district court without prepayment of fees and costs.

So ordered this 29th day of October 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE